Good morning, Your Honor. I'm Shan Podge for the petitioner Louis Urcino. As an initial matter, I would concur with the respondent concerning whether or not the agency has discretion on motions to continue. They cited Martinez-Navarro v. Lynch. I would concur with their position on the motion to continue. The ultimate issue presented before the court is whether or not the agency failed to apply the controlling authority in Cardoso. In Cardoso, this court had determined that where the underlying, where the key part of the conviction had subsequently been vacated, the removal order becomes unlawful, and therein the agency should remand for further proceedings. So I'm just curious, because I was looking at this, and didn't he, Urcino, your client, originally charge, I mean, plead to a charge of violating Section 11360A, which deals with conduct involving, let's see, what did he plead to? I'm just confused. Urcino V. Lynch Originally, he pled to a controlled substance offense involving sales. It was health and safety code 11359. Subsequently, there was a subsequent proceedings in California court where the California court reduced the conviction, and he pled to reduce it to California, to health and safety code 11360. Wherein it was reduced to 11360, that is a controlled substance offense. However, the agency acknowledged that despite the controlled substance offense, he would be eligible potentially for adjustment of status, along with a 212H waiver. So wherein the original basis of the removal order was vacated, he had become eligible for relief. So this wasn't just, like, vacating his sentence. He actually withdrew the prior plea and re-pled guilty to Section 11360A, which was count one, right? That's correct, Your Honor. So what was the need for a non-pro-tunk order when he was allowed to withdraw his plea and plead to the other statute? In the collateral matter in criminal court, the California court recognized that there was a constitutional defect. The California court had applied the authority under California Civil Code 473, recognizing that there was an error. The petitioner argued that in the record, in his motion to reopen, that the California court had recognized that there was a defect, and therein allowing the petitioner to correct that defect. Moreover, the agency acknowledged that because the conviction had been reduced to the 11360, that the petitioner had become potentially eligible for adjustment of status. Well, he wasn't eligible, though, because he has to be present in the country. I believe the decision in Cordoso seeks to address that issue. What about Torvey Lynch? I'm sorry? What about Torvey Lynch? I believe Cordoso is a controlling authority concerning whether or not the court has jurisdiction and whether or not the petitioner is eligible for release. Cordoso seeks to correct when there's an unlawful removal order. If an individual is removed under an unlawful removal order, the proper course of action will be to reopen, then restoring jurisdiction to the agency. All right. I understand Cordoso stands for that proposition, but Judge Pearsall asked about the other grant where the agency said even if he would be eligible for the 212-H waiver, he had departed the country, and didn't Torvey Lynch decide that that wasn't the law any longer? Well, if the matter was reopened, the court jurisdiction would be restored to the agency, and therefore the issue of the petitioner being out of the country and therein not eligible for adjustment status would no longer be so. Right. Because the law, but it's still not so. That's not a correct statement of the law as it exists in the BIA opinion, correct? At least in the Ninth Circuit. Well, I believe if we look at Cordoso, the issue that we're having is that in that the petitioner is out of the country, the agency doesn't have jurisdiction over the adjustment of status. However, if the matter is reopened, it restores jurisdiction to the agency because he would be there and paroled into the country. So Cordoso seeks to correct the issue of the petitioner being out of the country where there's an unlawful removal order. Okay. Do you want to save the remainder of your time? I'll save the remainder of my time for rebuttal. Thank you. Okay. Thank you. May it please the Court. Lisa Damiano on behalf of the Attorney General. Good morning to you all. Morning. Good morning. This case involves two issues, both of which relate to the highly deferential abuse of discretion standard. First, we have whether the agency abused its discretion in denying Mr. Rossino's request for a final continuance to pursue post-conviction relief. And then we have whether the agency abused its discretion in denying his untimely motion to reopen. I think counsel just conceded the continuance. Is that correct? You said you concurred. So we're just talking about the motion to reopen? Absolutely, Your Honor. With regard to the motion to reopen, it's undisputed that it was untimely. And he did not allege any exception to the timeliness requirements, and he was facially ineligible for any of the relief he sought at the time. I'm going to address what opposing counsel was just discussing with regard to Cardoso. The initial issue is that this is not a departure bar case. Petitioner erroneously argues that the board denied the motion on departure bar grounds and that that line of case law is implicated. That's not what the board did. The board assumed jurisdiction over the motion to reopen and instead decided on the merits that it was untimely, that he didn't allege any exception to the timeliness requirements, and that under its sua sponte authority, it didn't see any exceptional circumstance that would require or warrant them exercising their sua sponte authority to reopen. Well, let's go to your first statement. What do you make of the sentence that he says that the BIA order says that, while the reduction in his criminal offense may potentially make him eligible for a waiver under Section 212H of the Act, he remains ineligible for adjustment of status as he is no longer present in the United States? I think that's what your opposing counsel was referring to. Right. That statement is a statement of eligibility for the relief that he's potentially seeking. The physical presence is a requirement for adjustment of status, as it is a requirement for cancellation of removal. The board there wasn't discussing the departure bar. It was simply discussing the fact that the removal was lawful. At the time of his removal, there was a final order of removal. He had not had any relief applications pending at the time of the first board's decision. He hadn't filed any post-conviction relief at that time. The conviction remained a conviction, as far as we know, and he did not have a stay of removal. So he was lawfully removed in 2014. The board is simply referring to the fact that he was removable on independent grounds, aside from the criminal grounds, even if his criminal conviction was eventually vacated. He conceded that he was removable as an alien who entered without inspection. So that's why the board discusses that in their decision, that even if we have a vacated conviction, and even if he's- He had a vacated conviction, though, because he withdrew his guilty plea. He was allowed to withdraw because the prior was constitutionally defective. We agree that it's not a-we maintain that it's not a vacated plea. But even if it was, I was just saying that he still has an independent basis for removal that he conceded to. He entered without inspection, and under that basis, he was removable at the time. So it was a lawfully executed removal order. And here the board is simply looking at an untimely motion to reopen. They're not saying we lack jurisdiction because of the departure bar. They're saying we could exercise our sui sponte authority, but we choose not to because there isn't an exceptional circumstance. The relief he's seeking is no longer available to him. He could apply for consular processing from abroad. He still has an I-130, an approved I-130, and there still is a way for him to attempt to gain immigration benefits. But the benefits he sought originally, potentially adjustment of status or cancellation of removal, require physical presence in the United States. So it's our claim or our-we're maintaining that the departure bar is not implicated. Cardoso isn't relevant. But that this is simply an issue of sui sponte authority on an untimely motion to reopen. And this court has found jurisdiction to review sui sponte denials when there's a legal or constitutional error made by the board. But Mr. Rossino hasn't demonstrated any such error. We said, you know, that the removal order is lawfully, legally executed because he was removable under independent grounds aside from his criminal convictions. He also didn't provide any- Did he have more than one criminal conviction, or was it just the one? He had more, but the record is very- Yeah, it's scanned. The record doesn't show that. Right. So what are you basing it on? Well, on page 53 of the record, we have his prior counsel's brief to the board. And in that brief to the board, prior counsel states that he has several criminal convictions, but argues that-but she does not list out those convictions. She says he has several convictions, but that she believes he's only ineligible for adjustment of status based on the most recent conviction for possession of marijuana with intent to sell under Section 11359 of the Health and Safety Code. So it was prior counsel- Which was changed, yeah, prior counsel. Prior counsel stated there were several convictions. She also actually stated that during one of the removal hearings, she told the judge that, you know, but for this conviction under 11359, he would be potentially eligible for adjustment of status with a discretionary waiver under 212H. And, you know, respondent hasn't conceded that he would be eligible. You know, he might be eligible. We don't know what criminal convictions he has. We know that if he still has a conviction under 11360A of the Health and Safety Code, that that's still a controlled substances violation. It might not be trafficking. It depends. We'd have to look into that issue further. The agency would have to look into it. But he still has a controlled substances violation, and according to his prior counsel, he has other-several other convictions that we don't know about because the documents are not in the record. We also don't know what the underlying basis of the post-conviction relief is. Despite the fact that counsel has said repeatedly there was a constitutional defect or there was some sort of substantive defect, there's no explanation. We don't know anything. There was ample opportunity to present a motion or some documentation other than the minute order from the court, criminal court, but there's nothing other than the minute order, except for page 183 of the record. There is an order from the criminal court that mentions a motion to modify sentence. So as of a month before his final hearing, this is in August of 2012, there was a motion to modify sentence pending, but there's no indication there was any motion related to a constitutional defect or substantive defect in the underlying criminal conviction. Have you looked through the documents attached to the motion to supplement the record? Yes. Okay. Do you have a position on that? Well, I think our original position is that they're not properly before the court because the agency should have the first attempt to review them, and that's why I believe after that a petitioner filed a motion to open to the board so that the agency would have in the first instance the opportunity to review those documents. Counsel, Judge Gould, if I could interject a question, please. Yes. So if I would just like to understand how you respond to petitioner's argument that if the board reopened, then his client could be paroled into the U.S. and then be eligible for the relief that someone here can get? Well, it's correct that if the board decided to reopen on sua sponte authority, they could parole him into the United States. That would be at the discretion of the agency. But, again, coming back around to the original argument, it's a sua sponte discretionary decision. And in this case, the board felt that there wasn't an exceptional circumstance, that they didn't feel, again, this is petitioner's burden. It's petitioner's burden to show that he warranted reopening. He had the opportunity to present whatever evidence he had to show that he would be eligible for some form of relief upon reopening. But he only provided the minute order. He provided no argument that he would be eventually eligible for some form of relief. He didn't explain, like, what the basis of his waiver would be, how he would qualify for a 212H waiver. I see I'm out of time. If I could finish. Answering Judge Gould's question. Thank you, Your Honor. He didn't present the board with any arguments or information or exhibits to show them how he would be eventually eligible. And, again, this was his burden to show. And so in this instance, like I said, the board was unwilling to exercise its sua sponte authority. So while they do have the authority to parole somebody in if they decide to reopen, in this case they decided that wasn't warranted. All right. Thank you, Counsel. Okay, thanks. You're welcome. Your Honor, on rebuttal, the petitioner likes to respond to three points that the respondent had asserted. Initially they asserted that the removal order was lawful in that the removal order was lawful. However, the basis of the removal order were on two grounds. One ground was that the petitioner was a person in the United States without permission, an alien present without being inspected or paroled. But essentially the key ground was that the petitioner was someone who had been convicted of a controlled substance offense for sale. So if we look at Wietersburg, this court in Wietersburg, and also in Estrada, Estrada, those cases stand for the proposition that where a key part of the removal order is subsequently vacated, then the execution of that removal is unlawful. So the assertion that he was removed lawfully is inconsistent with Wietersburg and Estrada because the key, two of the grounds on which the immigration court ordered the petitioner removed was on account he had a controlled substance offense. For sale. I'm sorry. For sale. Based on the. Controlled substance for sale, correct. Which was vacated. Which was vacated. That doesn't make it illegal at the time. I mean, that was the standing order at the time they removed, right? That's correct. However, what Cardoso says, citing Wietersburg and Estrada, is that even though if one basis of the removal was in effect, where a key part of the removal was subsequently vacated, the removal is unlawful. Well, the order that was entered in the state court subsequently was not non-pro-tunk, was it? The collateral relief in state court was non-pro-tunk. It was non-pro-tunk pursuant to California Civil Code 473. Did the court, did the, you're saying it's pursuant to the code as opposed to the judge actually saying it was non-pro-tunk? Well, the judge ordered the motion to withdraw plea and plea to 11-360 was pursuant to California Penal Code 473, which was non-pro-tunk. So the California court recognized the defect and allowed him to plea to the lesser offense. So as to whether or not the removal order was lawful, according to Cardoso, citing Wietersburg and Estrada, a key portion of the removal was vacated and therefore the removal order was unlawful. A subsequent point that the respondent raises is that the petitioner did not provide an explanation as to why the conviction was vacated. The petitioner provided that the conviction in his motion to reopen, that the conviction was vacated due to a non-pro-tunk order and that there was a constitutional defect. So the record is inconsistent with the respondent's assertion that there was not an explanation as to why it was vacated. Counsel, Judge Gould, if I could ask you a question, please. So as I understand it here, the motion or the claim is a challenge to the board not sua sponte reopening. Yes. If that's right. I thought we had very limited, that at one time we said we had no jurisdiction to review that. And then a more recent decision of Judge Berzon, I think, said we had limited jurisdiction if the agency stated no reason. We could ask them to state reasons. But here they gave some reasons. So I'm having trouble understanding how we can say there's an error and not sua sponte reopening. Yes, Your Honor. I believe the agency erred in claiming that the petitioner did not allege an exceptional circumstance to the timeliness of his motion. In his motion to reopen, the petitioner in the administrative record at page 21 asserted that this motion was being filed in this time because the conviction had been vacated. Further, the petitioner argued and supported on appeal that the agency's pattern and practice has been that where a conviction is vacated, it is its pattern and practice to find an exceptional circumstance. And that's citing Cruz versus the Attorney General from the Third Circuit. So the agency's assertion that the petitioner didn't assert, allege an exceptional circumstance is inconsistent with the record. The petitioner did assert an exceptional circumstance. The agency, I believe, overlooked that point. The agency in its decision stated that it wouldn't exercise its sua sponte authority to reopen because the motion was untimely. However, the agency overlooked the allegation that it was being filed at that time and an exceptional circumstance was present. And we cited the Cruz versus the Attorney General for the proposition that the BIA has consistently held through its pattern and practice that where you have a conviction that's been vacated, that in essence is an exceptional circumstance. May I ask you a question? I know you're over your time, but your opposing counsel suggested that your client was eligible for consular relief in Mexico. Is that the case? The petitioner has an approved family petition visa, and he's seeking adjustment of status if the case is reopened. It is true that he would be eligible for consular processing. However, consular processing, he would require a waiver of inadmissibility for the deportation, for the removal. And that would be inconsistent with CARDOZA because if the removal, if the execution of removal order is unlawful and the removal stands, consular processing will be hindered because he would require a waiver for inadmissibility because of the removal order. So to allow the removal order to stand where CARDOZA provides that if the removal order is unlawful, we should reopen, it would, it almost creates an estoppel issue. There's an unlawful removal. The removal order stands, and then he's prevented from adjusting status. Adjusting status and consular processing are two distinct forms of relief. And consular processing has many hurdles that he wouldn't be able to overcome, in part because of the unlawful order. All right. Thank you, Counsel. Thank you. Crescino v. Sessions would be submitted.
judges: Wardlaw, Gould, Piersol